## IN THE UNITED STATES DISTRICT COURT FOR

## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CR-20-344-D |
| **-vs-** | ) | **No.** _____ |
| | ) | |
| **JORDAN GLEN YOUNG,** | ) | **Violations:   18 U.S.C. § 1343** |
| | ) | **26 U.S.C. § 7206(1)** |
| **Defendant.** | ) | |

## I N F O R M A T I O N

The United States Attorney charges:

### Introduction

At all times relevant to this Information:

1.     **JORDAN GLEN YOUNG** was a resident of the Western District of Oklahoma.

2.     InvesTrust Wealth Management, LLC ("InvesTrust") was a chartered trust bank that focused on personal and corporate trusts, investment management and custodial services.  It was headquartered in Oklahoma City, Oklahoma.

3.     As a trust bank, InvesTrust allowed their customers to open trust accounts, with InvesTrust acting as the trustee and custodian.  As the trustee and custodian, InvesTrust had the responsibility to manage the account in compliance with state and federal law, according to the best interest of the beneficiary and the trust agreement.

4.     Between 1973 and 1982, Individual 1 established three separate trusts ("the Trusts"), with a family member as the primary beneficiary of the Trusts.

5.      InvesTrust was the trustee and custodian of the Trusts.  In 2015, three accounts were opened with InvesTrust ("the Trust Accounts")—one for each of the three Trusts.

6.      The beneficiary's court-appointed guardian requested distributions from the Trust Accounts to be transferred to the beneficiary's bank accounts.  The guardian used these funds to pay expenses related to the beneficiary's care.

7.      **YOUNG** was an employee of InvesTrust from about 2006 until March 2020, in Oklahoma City.  He worked as a Trust Administrative Officer, and his duties included fiduciary account administration of trusts, estates, and investment accounts.

8.      As the Trust Administrative Officer assigned to manage the Trust Accounts, **YOUNG** had access to the Trust Accounts and was authorized to make distributions from the Trust Accounts to the beneficiary's accounts.  **YOUNG** would distribute funds from the Trust Accounts to the beneficiary at the guardian's request and when necessary to ensure the beneficiary's bank accounts maintained a minimum balance agreed upon between InvesTrust and the guardian.

9.      **YOUNG** owned three personal bank accounts with Ally Bank and one with First Fidelity Bank.  **YOUNG** did not have authorization to distribute money from the Trust Accounts to his personal bank accounts.

## COUNT 1
### (Wire Fraud)

10.      The United States Attorney incorporates paragraphs 1–9 by reference.

### The Scheme to Defraud

2

11.     Beginning on or about December 11, 2015, and continuing to on or about March 11, 2020, in the Western District of Oklahoma, **YOUNG** knowingly and with the intent to defraud, devised a scheme to defraud the Trusts and InvesTrust and to obtain money and property by means of materially false and fraudulent pretenses, representations, omissions and promises.

12.     It was part of the scheme that **YOUNG** made approximately 100 unauthorized distributions from the Trust Accounts to his personal bank accounts, without the knowledge or approval of the Trusts or InvesTrust.  These fraudulent distributions totaled approximately $2,323,036.91.

13.     It was further part of the scheme that when **YOUNG** would make a fraudulent distribution to his personal account, he would enter false comments on InvesTrust's internal records explaining the purpose of the distribution, such as "[d]istribution to maintain minimum balance" or that the distribution was paid to the beneficiary's "Guardianship."  These comments were meant to disguise the fraudulent distributions as legitimate transactions, as they were the same comments **YOUNG** would enter when justifying an authorized distribution.

14.     It was further part of the scheme that **YOUNG** used the proceeds of these unauthorized distributions from the Trust Accounts for his personal purposes, including making mortgage payments and paying for vacations, cars, and clothing.

### Execution of the Scheme

15.     On or about October 24, 2018, in the Western District of Oklahoma,

------------------------------------ **JORDAN GLEN YOUNG,**------------------------------------

3

for the purpose of executing a scheme to defraud in a material manner, knowingly caused signals to be transmitted by means of wire communication in interstate commerce. In particular, **YOUNG** caused an interstate wire to be sent from Oklahoma City to an Ally Bank server outside Oklahoma, directing InvesTrust to transfer $60,706.53 to Ally Bank, based on **YOUNG's** unauthorized distribution from a Trust Account to his personal bank account.

All in violation of Title 18, United States Code, Section 1343.

## COUNT 2
### (False Federal Income Tax Return)

16.     The United States Attorney incorporates paragraphs 1-15 by reference.

17.     On or about April 15, 2019, in the Western District of Oklahoma,

-------------------------------------- **JORDAN GLEN YOUNG** --------------------------------------

willfully made and subscribed a United States Individual Income Tax Return Form 1040 for calendar year 2018, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. **YOUNG's** income tax return, filed with the Internal Revenue Service, reported total income of $114,439. **YOUNG**, though, knew that the return was false because he received substantially more income during the calendar year 2018 than he reported on the return.

All in violation of Title 26, United States Code, Section 7206(1).

TIMOTHY J. DOWNING
United States Attorney

BOW BOTTOMLY
CHRIS M. STEPHENS
Assistant United States Attorneys